IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FEDERAL EDUCATION ASSOCIATION, Inc.** :
:
      plaintiff, :
:
v. :
: Case No. 1:05CV02324 EGS
:
**ROBERT M. GATES,** Secretary, :
United States Department of Defense, *et al.,* :
:
:
      defendants.

## PLAINTIFF'S UNOPPOSED
## MOTION FOR ENLARGEMENT OF TIME

Plaintiff Federal Education Association, Inc. hereby moves this Court for an Order enlarging the time to file its Opposition to the Defendants' Motion to Dismiss, and its Reply to the Defendants' Opposition to Plaintiff's Motion for Summary Judgment until November 30, 2007. A Memorandum of Points and Authorities in support of this Motion and a Proposed Order are being filed currently herewith.

Plaintiff's counsel has consulted with Defendants' counsel on this motion and has been authorized to state that Defendants do not object to Plaintiff's requested enlargement of time in which to file an Opposition to Defendants' Motion to Dismiss and a Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment

Respectfully submitted,

/s/
RICHARD J. HIRN
5335 Wisconsin Ave NW
Suite 440
Washington, D.C. 20015
202-274-1812
DC Bar no. 291849

Attorney for the
Federal Education Association, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FEDERAL EDUCATION ASSOCIATION, Inc.**    :
                                            :
       plaintiff,                         :
                                            :
  v.                                      :
                                            :    Case No. 1:05CV02324 EGS
                                            :
**ROBERT M. GATES,** Secretary,             :
United States Department of Defense, *et al.,* :
                                            :
                                            :
       defendants.                        :

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME**

Plaintiff Federal Education Association, Inc. has moved this Court for an Order enlarging the time to file its Opposition to the Defendants' Motion to Dismiss, and its Reply to the Defendants' Opposition to Plaintiff's Motion for Summary Judgment until November 30, 2007. Such an extension should be granted because pending legislation may obviate some or all of Plaintiff's claims.

In this case, the union which represents teachers and others employed by the Department of Defense dependents schools overseas and in the U.S. challenges its members inclusion into the National Security Personnel System created by 5 U.S.C. § 9902. While overseas teachers have been excluded from the NSPS's human resources system by DOD because they are covered by a separate personnel statute (the Overseas Teachers Pay and Personnel Practices Act), teachers in DOD's dependent schools within

the U.S. have been included in the NSPS's human resources system - including pay banding. The FEA alleges, in summary, that the inclusion of domestic school employees in the human resources system is illegal because they, too, are covered by a separate personnel statute (10 U.S.C. § 2164) which covers their salaries and which was not waived by 5 U.S.C. § 9902. In addition, the FEA alleges that the inclusion of overseas and domestic school employees in the NSPS's labor relations system is arbitrary and capricious because, *inter alia*, they are not involved in national security work and because there is no need to exclude them in the labor relations system if they are excluded from the human resources system.

The FEA's case may be resolved or obviated in whole or in part by amendments to 5 U.S.C. § 9902 made by the Defense Authorization Act which has been passed by both Houses of Congress and which has been or will shortly be sent to conference. Both the House and Senate versions of the Act effectively repeal § 9902(m) which authorized the defendants to create the NSPS labor relations system. (*See* § 1104 of S.1548 and §1106 of H.1585). The House version also effectively makes the decision whether to include unionized Federal employees in the pay banding system subject to collective bargaining. It has been reported that DOD is holding off implementing the labor relations system until final Congressional action is taken on these bills. *Defense Labor Relations Reforms Waiting on Congress*, Government Executive, Sept. 19, 2007.

The current planned adjournment date for the House is November 16, so it is likely that the final version of the Defense Authorization Act will be enacted by that date.

Accordingly, the plaintiff requests that it be granted two weeks following that date - November 30 - in which to file its Opposition and Reply memoranda on the pending dispositive motions. This will allow time to file substantive memoranda should Congress adjourn without changing the law, to file an amended complaint and/or revised motion for summary judgment or even a notice of dismissal if the law is changed, or to seek an additional extension if Congress delays adjournment and action of the Defense Authorization Act.

    Plaintiff's counsel has consulted with Defendants' counsel on this motion and has been authorized to state that Defendants do not object to Plaintiff's requested enlargement of time in which to file an Opposition to Defendants' Motion to Dismiss and a Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment

                                  Respectfully submitted,

                                    /s/
                              _____
                              RICHARD J. HIRN
                              5335 Wisconsin Ave NW
                              Suite 440
                              Washington, D.C. 20015
                              202-274-1812
                              DC Bar no. 291849

                              Attorney for the
                              Federal Education Association, Inc.