IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FEDERAL EDUCATION ASSOCIATION, Inc.** :
:
    plaintiff, :
:
v. :
: Case No. 1:05CV02324 EGS
:
**ROBERT M. GATES,** Secretary, :
United States Department of Defense, *et al.,* :
:
:
    defendants. :

**PLAINTIFF'S UNOPPOSED
MOTION FOR A THIRD ENLARGEMENT OF TIME**

    Plaintiff Federal Education Association, Inc. hereby moves this Court for an Order enlarging the time to file its Opposition to the Defendants' Motion to Dismiss, and its Reply to the Defendants' Opposition to Plaintiff's Motion for Summary Judgment until January 31, 2007. A Memorandum of Points and Authorities in support of this Motion and a Proposed Order are being filed currently herewith.

    Plaintiff's counsel has consulted with Defendants' counsel on this motion and has been authorized to state that Defendants do not object to Plaintiff's requested enlargement of time in which to file an Opposition to Defendants' Motion to Dismiss and a Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

/s/
RICHARD J. HIRN
5335 Wisconsin Ave NW
Suite 440
Washington, D.C. 20015
202-274-1812
DC Bar no. 291849

Attorney for the
Federal Education Association, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL EDUCATION ASSOCIATION, Inc.** : <br> : <br> plaintiff, : <br> : <br> v. : <br> : Case No. 1:05CV02324 EGS <br> : <br> **ROBERT M. GATES,** Secretary, : <br> United States Department of Defense, *et al.,* : <br> : <br> : <br> defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME**

Plaintiff Federal Education Association, Inc. has moved this Court for an Order enlarging the time to file its Opposition to the Defendants' Motion to Dismiss, and its Reply to the Defendants' Opposition to Plaintiff's Motion for Summary Judgment until January 31, 2007. Such an extension should be granted because recent legislation approved by Congress and pending the President's signature will obviate Plaintiff's claims.

In this case, the union which represents teachers and others employed by the Department of Defense dependents schools overseas and in the U.S. challenges its members inclusion into the National Security Personnel System created by 5 U.S.C. § 9902. While overseas teachers have been excluded from the NSPS's human resources system by DOD because they are covered by a separate personnel statute (the Overseas

Teachers Pay and Personnel Practices Act), teachers in DOD's dependent schools within the U.S. have been included in the NSPS's human resources system - including pay banding. The FEA alleges, in summary, that the inclusion of domestic school employees in the human resources system is illegal because they, too, are covered by a separate personnel statute (10 U.S.C. § 2164) which covers their salaries and which was not waived by 5 U.S.C. § 9902. In addition, the FEA alleges that the inclusion of overseas and domestic school employees in the NSPS's labor relations system is arbitrary and capricious because, *inter alia*, they are not involved in national security work and because there is no need to exclude them in the labor relations system if they are excluded from the human resources system.

      Last week Congress enacted the National Defense Authorization Act of 2008 and sent it to the President for his signature. Section 1106 of the Act repeals the those portions of § 9902 which authorized the Defendants to create a separate labor relations system and which restricted collective bargaining rights. Section 1106 also restores the right to negotiate over compensation to those unionized Federal employees who had that right prior to the enactment of § 9902.

      If the President signs the National Defense Authorization Act, as is expected, the Plaintiff will file a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41. This additional extension is necessary in order to allow time for the President to either sign or veto this legislation, and in order for the Plaintiff to prepare and file an Opposition to

Defendants' Motion to Dismiss and a Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment in the event that the President vetoes this legislation.

This is the third request for an extension of time. The Court has previously granted an extension until December 31.

Plaintiff's counsel has consulted with Defendants' counsel on this motion and has been authorized to state that Defendants do not object to Plaintiff's requested enlargement of time.

Respectfully submitted,

/s/
_____
RICHARD J. HIRN
5335 Wisconsin Ave NW
Suite 440
Washington, D.C. 20015
202-274-1812
DC Bar no. 291849

Attorney for the
Federal Education Association, Inc.