**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **FEDERAL EDUCATION ASSOCIATION, Inc.** | : | |
| | : | |
| plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Case No. 1:05CV02324 EGS |
| | : | |
| **ROBERT M. GATES,** Secretary, | : | |
| United States Department of Defense, *et al.,* | : | |
| | : | |
| | : | |
| defendants. | : | |

**PLAINTIFF'S UNOPPOSED
MOTION FOR A STAY OF PROCEEDINGS**

Plaintiff Federal Education Association, Inc. hereby moves this Court for an Order staying all proceedings in this case, including further briefing of or action on the plaintiff's Motion for Summary Judgment or the Defendants' Motion to Dismiss, pending final Congressional and Presidential action on the National Defense Authorization Act for Fiscal Year 2008. A Memorandum of Points and Authorities in support of this Motion and a Proposed Order are being filed currently herewith.

Plaintiff's counsel has consulted with Defendants' counsel on this motion and has been authorized to state that Defendants do not object to Plaintiff's requested stay of proceedings.

Respectfully submitted,

/s/
RICHARD J. HIRN
5335 Wisconsin Ave NW
Suite 440
Washington, D.C. 20015
202-274-1812
DC Bar no. 291849

Attorney for the
Federal Education Association, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **FEDERAL EDUCATION ASSOCIATION, Inc.** | : | |
| | : | |
| plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Case No. 1:05CV02324 EGS |
| | : | |
| **ROBERT M. GATES,** Secretary, | : | |
| United States Department of Defense, *et al.,* | : | |
| | : | |
| | : | |
| defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR A STAY OF PROCEEDINGS**

Plaintiff Federal Education Association, Inc. has moved this Court for an Order

staying all proceedings in this case, including further briefing of or action on the

plaintiff's Motion for Summary Judgment or the Defendants' Motion to Dismiss, pending

final Congressional and Presidential action on the National Defense Authorization Act for

Fiscal Year 2008. Such an extension should be granted because this legislation is likely to

obviate Plaintiff's claims.

In this case, the union which represents teachers and others employed by the

Department of Defense dependents schools overseas and in the U.S. challenges its

members inclusion into the National Security Personnel System created by 5 U.S.C. §

9902. While overseas teachers have been excluded from the NSPS's human resources

system by DOD because they are covered by a separate personnel statute (the Overseas

Teachers Pay and Personnel Practices Act), teachers in DOD's dependent schools within the U.S. have been included in the NSPS's human resources system - including pay banding. The FEA alleges, in summary, that the inclusion of domestic school employees in the human resources system is illegal because they, too, are covered by a separate personnel statute (10 U.S.C. § 2164) which covers their salaries and which was not waived by 5 U.S.C. § 9902. In addition, the FEA alleges that the inclusion of overseas and domestic school employees in the NSPS's labor relations system is arbitrary and capricious because, *inter alia*, they are not involved in national security work and because there is no need to exclude them in the labor relations system if they are excluded from the human resources system.

Prior to its Christmas recess, Congress enacted the National Defense Authorization Act and sent it to the President for his signature. Section 1106 of the Act would have repealed those portions of § 9902 which authorized the Defendants to create a separate labor relations system and which restricted collective bargaining rights. Section 1106 would have also restored the right to negotiate over compensation to those unionized Federal employees who had that right prior to the enactment of § 9902. However, the President "pocket vetoed" this National Defense Authorization Act due to unrelated provisions in Section 1083 pertaining to Iraqi assets in the United States, and returned it to Congress with a request that it be promptly reenacted without the provision to which he objected. According to a December 28 statement from the President,

2

This legislation contains important authorities for the Department of Defense, including authority to provide certain additional pay and bonuses to service members. Although I continue to have serious objections to other provisions of this bill, including section 1079 relating to intelligence matters, I urge the Congress to address the flaw in section 1083 as quickly as possible so I may sign into law the National Defense Authorization Act for Fiscal Year 2008, as modified.

http://www.whitehouse.gov/news/releases/2007/12/20071228-5.html.

Congressional leaders have announced an intention to reenact the legislation. *E.g.,* Statement of House Armed Services Committee Chairman Ike Skelton, http://armedservices.house.gov/apps/list/press/armedsvc_dem/skeltonpr122807.shtml.

If Congress reenacts and the President signs the National Defense Authorization Act with Section 1106, which repealed provisions those provisions of 5 U.S.C. §9902 that restricted collective bargaining rights and restored the right to bargain over pay, the Plaintiff will file a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41. Thus, further briefing or consideration of the pending cross-motions will likely be mooted and is presently a waste of resources. (The Plaintiff's Opposition to the Defendants' Motion to Dismiss, and its Reply to the Defendants' Opposition to Plaintiff's Motion for Summary Judgment is due on January 31, 2008). A stay of proceedings will also allow prompt resumption of this case in the event that legislation does not remedy plaintiff's claims herein and the defendants proceed with implementation of the National Security Labor Relations System contained in the current language of § 9902.

3

Plaintiff's counsel has consulted with Defendants' counsel on this motion and has been authorized to state that Defendants do not object to Plaintiff's requested stay of proceedings.

Respectfully submitted,

/s/
_____
RICHARD J. HIRN
5335 Wisconsin Ave NW
Suite 440
Washington, D.C. 20015
202-274-1812
DC Bar no. 291849

Attorney for the
Federal Education Association, Inc.